21

No. 18273—The Pennsylvania Railroad Co. v. Anthony Vitti, Admr. etc. Error to the Court of Appeals of Cuyahoga county.

225. CHARGE TO JURY—Whether person injured on premises by alleged negligence of owner, is there by invitation, or is a licensee or trespasser, should be submitted to the jury when evidence warrants same.

1245. VERDICTS—Judgment rendered on special verdict must be legal conclusion from the facts found in it; court cannot look beyond such finding of facts—Absence of finding of facts essential to plaintiff's recovery.

829. NEGLIGENCE—Whether police officer doing duty on railway premises is a licensee or invitee, its act in violation of law or ordinance causing injury to him is actionable negligence.

MATTHIAS, J.

1. Where the evidence is such as to warrant, it is the duty of the trial court to submit to the jury with proper instructions the question as to whether the person injured on the premises of another by the claimed negligence of the owner thereof, at the time of such injury was on the premises either at the express or implied invitation of the defendant, or whether he was a trespasser or a mere licensee.

2. The act of a railroad company in violation of law or ordinance, causing injury to a police officer lawfully upon the premises in the discharge of his duty to apprehend persons there disturbing the peace by molesting passengers or injuring the property of the defendant, is actionable negligence, whether such officer be denominated a licensee or invitee.

3. The judgment rendered on a special verdict by a jury under Section 11462, General

Code, must be the legal conclusion from the facts found in such special verdict, and the court cannot look beyond such findings of fact.

4. The rule that the defendant is entitled to judgment where there is an absence of finding of fact essential to a recovery by the plaintiff, has no application where such absent finding would necessarily have been upon an issue as to which the court did not instruct the jury, and erroneously refused to submit to the jury.

Judgment affirmed.

Marshall, C. J., Robinson, Jones, Day, Allen and Conn, JJ., concur.